The next case is Dennis Sena v. Stephen Kenneway, Appeal No. 20-1471. Attorney Previtt, please introduce yourself for the record and proceed with your argument. Good morning, Your Honors. Elizabeth Previtt for Petitioner Dennis Sena. The issue, I'm sorry, I'd like to reserve one minute for rebuttal. Yes, you may have it. Sorry. The issue in this case is whether Mr. Sena is able to demonstrate good cause under the standard articulated by the Supreme Court in Rines v. Weber in order to obtain a stay of 28 U.S.C. 2254 proceedings. The stay is necessary to permit exhaustion of his ineffective assistance of appellate counsel claim in state court without precluding the possibility of federal review of the claim. Ms. Previtt, I just have a question. Has the state court counsel yet filed the motion in state court as of the end of 2019? Yes. Was it? It hadn't been filed? Yes. The state court filings have been filed. The commonwealth has responded and it's pending in superior court. When was it filed? It was filed this past September. Okay. Thank you. And could you stay with that for a second? Do I correctly understand Massachusetts when it comes to that motion is a one bite at the apple type? Do you have to include in that motion any and all issues that you want to raise or else you've lost them? You have to include all of your issues in an initial or amended filing and anything that came subsequent to that would have to be reviewed under a very high standard of review, substantial miscarriage of justice. I'm sorry. You just said or an amended filing? Yes. It's not really, it's a first bite plus amendment? Yes. And the amendment is subject to the discretion of the trial court. Right. There's no amendment as of right in that context. Right. Okay. Thank you. Rines describes the statutory scheme under which Mr. Sena filed his federal petition as balancing the aims of comedy and finality. The statute encourages state prisoners to exhaust their claims in state court first before bringing them to federal court. Nevertheless, Rines found that the statute allows district courts to grant stays to permit exhaustion after filing in federal court. Rines commented that the interest of state petitioners or state prisoners in getting federal review of their claims can be outweighed by the interest in finality and speedy resolution of federal petitions. Rines developed standards for these stays, including whether the petitioner had good cause for filing first in federal court. Rines commented that the court developed these standards for granting stays so that they would be done in limited circumstances in order not to disincentivize going to state court first. Now, on the unique combination of facts in Mr. Sena's case, good cause should be found. He had good reason to file in federal court after having first assiduously under the provisions of state law sought state counsel to file in state court and was initially denied counsel on the basis of misleading information. Under the circumstances of his case, a good cause determination would not work to disincentivize state prisoners from going to state court first. But counsel, to me, the most troublesome aspect of your appeal is the standard of review. Our review in this court is solely for abuse of discretion. So, what can you point to in Judge Gorton's decision that would ground a determination that he abused his discretion? Well, first, I wouldn't agree that it's an abuse of discretion review. Why not? I thought the authorities were pretty consistent on that. No, the abuse of discretion applies to the entire decision whether or not to grant a stay. That's right. As this court has said, the abuse of discretion standard can have embedded questions of law. Oh yes, it's a multifaceted standard. I would say in the case of good cause that that is a determinative threshold question that implicates abstract questions of reasonableness. But good cause is a matter of judgment. It's not an abstract legal proposition. Objective reasonableness. I mean, good cause may be an abstract legal proposition if the evidence is overwhelming or if the evidence is nonexistent. I mean, anything, if evidence is totally insufficient or totally overwhelming, can convert a fact question to a legal question. What's your best authority for saying that a good cause determination in this context is subject to de novo review? That's what you're saying. Well, I would say there isn't a lot of case law developed on this, but I would point to Pace v. DiGiulielmo indicating that objective reasonableness is implicated. And I'd suggest that even though it's a very fact-specific determination, that doesn't preclude de novo review. If you look at something like reasonable suspicion, that is reviewed under a de novo standard. Ms. Prevett, what if... The ultimate conclusion is reviewed de novo, but not the underlying factual components. The conclusion, yeah, the particular facts certainly can't be reviewed for that. But the ultimate conclusion that there was good cause... But if we take Judge Gorton's version of the facts here, Judge Gorton's version of the facts includes his statement that the petitioner had plenty of time to file in the state court. The question is... But I think that as you look at all of the circumstances here, you would have to say that there was good reason to seek counsel in this case. Many courts have said that appointing post-conviction counsel in cases where there are potentially meritorious claims actually furthers finality and speedy resolution. Okay, Ms. Prevett, Judge Gorton found that he disagreed with the magistrate judge on whether there was good cause. He said your client showed he was perfectly capable of bringing an ineffective assistance claim. He kept insisting on that to CPSC or CPCS, and he even asserted exactly that claim to the Board of Bar Overseers. He then went on to say, I don't think I need to reach the issue of whether in fact there is any merit, but I sure am doubtful that there is any merit. Your whole argument seems to turn on his failure to reach the second ground. If he had said, I disagree with the magistrate judge that there is any likelihood of merit to all of this, which is plainly what he was thinking, then you would concede that this I don't see how that changes the abuse of discretion, how that changes the... So you think the lack of likelihood of success is somehow subject to clear error? I'm sorry, to de novo review? No, no, not at all. Time has expired. I have one, Judge Kay Adam, and I have a question. I'm trying to read the Massachusetts decisions. It does seem that they reached out, and after saying that the issue of timeliness had not been raised on appeal, they then said, and even if it had been, it was a loser. What do we do with that? Well, I think as the magistrate said that the Massachusetts appeals court actually made its finding on waiver grounds, and the timeliness issue was never briefed. The relevance ground was certainly not addressed whatsoever, and there were serious issues about the timeliness, the claims about timeliness. There were factual disputes about it. The timeliness of the expert request certainly changes because there was a second trial, even if it were untimely, as to the first trial, and moreover, there was an issue about in Massachusetts law, there has to be a balancing of the interest between a defendant's right to put on a defense. Ms. Previtt, the state law standard on both of those is abuse of discretion, and even if the timeliness issue had been explicitly raised, and we have a statement from counsel, I raised the arguments that I thought were most likely to prevail, which certainly suggests to me that it was a tactical choice, perhaps an unfortunate one, but given that, and given the trial judges, there's a marginal relevance, not really relevant, it will distract the jury, and the statement that Judge Kayada referred to. One wonders what is advanced by allowing this to proceed. Furthermore, it took a year and a half, right, for state counsel to file the motion, and doesn't that go directly to the issue of delay? When you balance delay finality against prejudice, it would seem to me that there's a very good argument here, that allowing this to proceed just causes more and more delay. If I may answer, Your Honor? Yes, please. The question that this court is facing is the issue of good cause, and as to the timing, what the court has to look at is whether or not there was good cause for filing the federal petition, for the petitioner to have filed the federal petition at the time he did. Yes, and didn't Judge Gordon say he could have filed it earlier? Yes. And that wasn't subject to the rule of 30 restrictions. The issue is the delay in filing the federal petition as opposed to the state petition, right? Yes. Okay. So, you want to finish? Yes, and I would say that Judge Gordon's claim that Mr. Sena could have filed earlier also doesn't go to the good cause analysis in this case, because good cause should not be analyzed so stringently as to require that the petitioner could not have done otherwise. It was reasonable for the petitioner to await state counsel in the circumstance in which he was denied counsel on the basis of... He could have asked the federal court, I'm trying to pursue this claim in state court, grant me a stay. He could have done that. That's what he asked. No, he didn't ask it until very late. It was a month and a half until the statute of limitations. And Judge Gordon found he easily could have filed it six months earlier. I'm sorry, I think he was talking about the state petition. Right, I think that's true. Okay, fair enough. Sorry, I interrupted. Do you have more? Sorry. I mean, I think that the good cause standard cannot be analyzed as stringently as, for example, equitable tolling or cause for procedural default, which require but four causes. But Judge Gordon didn't say that. No, but I would say that he said very little, unfortunately, but I would say that he basically was applying a very stringent standard in these circumstances where Mr. Sena was vigorously attempting to exhaust in state court first and not looking at the reasonableness of expecting the decision on counsel to be made on grounds that didn't include misrepresentation and then asking for reconsideration of that decision. I'm sorry, you keep calling it a misrepresentation. I think it was an omission. Well, sorry, a misleading representation, I think, omitting the fact that saying that Okay, maybe it was misleading, maybe it wasn't, but I don't think it was a misrepresentation. Okay, it was a misleading statement saying that you have raised what you consider to be a arguing one ground and not the other ground for the trial court's decision. Maybe she thought she was going to blow it past the very busy Mass Appeals Court and get them to address it on the merits. I don't know. But that certainly does not sound like the kind of strategic reason that this court would credit. Okay, anything else? I'm sorry, I lost my time. Counsel has rebuttal time reserved. Yes, you do have a minute left for rebuttal. Okay. Thank you. Thank you, Attorney Previtt. At this time, if you could mute your audio and video and if Attorney Thornton could unmute and introduce yourself on the record to proceed, sir. Good morning. Gabriel Thornton for the respondent Superintendent Stephen Kennaway. The petitioner did not demonstrate good cause for his failure to exhaust the claim. His cogently argued petition and motion for stay in abeyance show that he was capable of attempting to exhaust the claim while representing himself, but he failed to do so. Does it show that, Counsel? The habeas petition and motion for stay in abeyance were filed after post-conviction counsel had been appointed. Isn't that correct? Yes, Your Honor, two days after. Yeah, and how do we know what input, if any, post-conviction counsel may have had in that filing? Based on the record before the court, the court would not know what input counsel had on that filing. Then on what basis was Judge Gorton able to say that that filing shows that the petitioner must have known all along that as to what this very complicated and nuanced input and state post-conviction relief procedure was. It seems to me that there's a fact question there that no one's bothered to dig out the subsidiary facts on. Your Honor, the papers speak for themselves, and while Judge Gorton did not go into detail... They speak for themselves as to what input state post-conviction counsel may or may not have had in their preparation. No, Your Honor, they do not speak for themselves on that topic. Does anything in the record speak to that? No, Your Honor, not that I'm aware of. But Judge Gorton made a finding on that. He said that the petitioner's preparation of those documents evidenced that he was perfectly capable of handling these complicated procedural matters himself earlier. And that's the statement in Judge Gorton's rescript. That's correct. Mr. Thornton, if I could pursue Judge Selye's point, it seems to me there are two different points. The first is whether the client here, the convicted defendant, could have moved earlier in the state court proceeding, and Judge Gorton seems to have focused a bit more on that. But the real question, from my point of view in front of us, is whether he could have moved earlier in federal court, filed a habeas petition, and immediately asked for a stay. And as to that, we know he is a habitual offender, but we don't know if he's ever been in federal court. We don't know if he knows anything about habeas practice. So Judge Gorton could be correct about the state court, but it's a different question as to whether that translates into the, gosh, you should have filed your habeas earlier and asked for a stay so you could pursue the state court action that you obviously knew you were going to pursue. Okay? So is there anything at all in the record on that point? The point as to whether or not the petitioner could have filed the habeas petition sooner? What supports the notion that even if he knew about his ability to have pursued without counsel in state court, the Rule 30 motion, what supports the notion that therefore he also knew he needed to move more quickly in federal court and file a motion to stay to permit him to pursue the state court action that he obviously knew he had and he was trying to pursue? Well, for starters, the petitioner knew that he had no right to counsel in the state collateral proceeding because, as my sister points out, he made many efforts to get counsel appointed. So we know that he knew he had no right to it, and we know that he knew that he had no right to counsel in the federal habeas proceeding. Five minutes remaining. Filed his petition pro se. Now, when we look at his federal habeas filings, both the petition and some documents he submitted in support of it and his motion for stay in abeyance, as Judge Gorton found, he argued cogently in both of those filings, both the basis for his eight different claims for federal habeas relief and his argument for why he needed a stay in abeyance to attempt to exhaust some of those eight claims in state court. So he's much more sophisticated than some pro se litigants. But that's an ipsedixit. You're saying that. But at the time of those filings, he already had state post-conviction counsel. And the question we don't know, unless you can point me to something in the record, is what import, if any, did state post-conviction counsel have into those filings? If there was something in the record that indicated definitively that this petitioner, on his own, wrote up those filings and filed them, I would be more comfortable with Judge Gorton's decision. But there isn't any. But what there is is a temporal coincidence that those filings emerge shortly after state post-conviction counsel is appointed. And the inference that I think has to be negated at some point is that counsel, who was appointed to represent him in the state court and couldn't represent him in the federal court, gave him the ammunition, in effect, to file in the federal court. Respectfully, Your Honor, Judge Gorton's decision is not based on whether post-conviction counsel had been appointed in the state proceeding or not. But he made a finding that the filings in the federal court show the petitioner's sophistication and his familiarity with the issues and indicate that he could have made all of his filings earlier because he knew what was going on. And that might be a valid inference if the petitioner, in fact, wrote those filings on his own. That's what I'm struggling for, some insight into that issue. Mr. Thornton, as I understand it, state counsel may only represent him in state proceedings and may not, as a matter of law, enter an appearance in habeas matters. Is that correct? That's correct, Your Honor. So why would we draw an inference that a lawyer who knows that she, I think it's a she, can only represent him in state court is giving him advice that she is not supposed to give on federal habeas proceedings? The court should not draw such an inference, Your Honor. And the district court, Judge Gorton, had before him the petitioner's habeas filings and a number of documents that he submitted in support of those filings, including the documentation of the back and forth between the petitioner and CPCS and also the petitioner's bar complaint regarding appellate counsel. The district court could assume, and this court can go along with that, that the petitioner had drafted all of that correspondence in the bar complaint himself. He signed those documents himself. There's no suggestion anywhere that he had the assistance of counsel when he prepared those documents. And again, they were submitted in support of his federal habeas filings. If the petitioner signs himself, pro se, there is no indication that he had the assistance of counsel in preparing any of those federal habeas filings or all of the supporting documentation, the correspondence, and the bar complaint that he attached to the habeas filings. Given what he was doing, which seems like a fair amount for a pro se, what was his motive for not filing in state court sooner that we should be concerned about? I would have to speculate there, Your Honor, but I assume that he had not filed sooner in state court because he was waiting to see if he could get counsel appointed. And ultimately, he did get counsel appointed, but where he had no right to counsel in the state collateral proceeding, and he knew that, he should have filed earlier. And not only should he have filed earlier, but we know from his federal habeas filings, his judgment has expired, that he was capable of making quite cogent filings, and he could have done so in attempting to exhaust the court. I have another question as to incentives. He was seeking a new trial, correct? That's correct. That's the purpose of all of this, and that turns on a state evidence ruling that is for abuse of discretion. But let's assume, hypothetically, he gets a new trial. When were the events in question that led to the conviction? I don't recall off the top of my head, Your Honor, but I think somewhere around 2012 or somewhere on the order of ten years ago at this point. Right. And witness memories are gone ten years ago. There's an inherent incentive when you want a new trial to delay things. That's correct, Your Honor. And going to that question, we can look at AEDPA's one-year statute of limitations, and one of the purposes of AEDPA Congress' intent being that there be finality to state judgments. Okay. Thank you. Was the petitioner incarcerated during the time of the post-conviction proceedings? Yes, Your Honor, and he still is. Well, wouldn't that kind of weigh against his incentive to delay? In some circumstances, it might, Your Honor, and this is not in the record before the court, but the petitioner is also serving a sentence on another matter. I don't recall off the top of my head when that sentence will conclude. Again, it's not in the record before this court, but whereas in some situations that incentive might not be present for the reason that Your Honor gave, that would not have been the case here. As I understand it, there were two convictions. On one of them, he got a 10-year sentence. That's what he's serving. On the other, he got a 15-year sentence, and that's what he's attacking. So even if he was successful on the 15-year sentence, it doesn't get him out from under the 10-year sentence. Yes, Your Honor. Okay. If the court has no further questions, I would ask it to affirm the judgment of the district court. Thank you. Thank you. Thank you, Attorney Thornton. If you could please mute your device at this time. Attorney Previtt, you have a one-minute rebuttal. Yes, Your Honor. Sorry, Elizabeth Previtt for the petitioner. On the point of any intentional delay on Mr. Senna's part, I think that this court should not infer that where the magistrate found and the district court adopted the finding that there was no dilatory conduct in this case. And so… Okay, move on. As for calculating or titrating for a pro se petitioner, just what exactly is that person's level of ability, I think that there should be a level of care in that, especially when we're not in the position to know how much he might have been helped by jailhouse lawyers who come in and out of the system. We don't know whether or not state post-conviction counsel, even though she's not permitted to practice in federal court, may have told him that he needed to go to federal court and file a stay in abeyance. What does it mean to say that he wasn't dilatory and then to deny his request on the grounds that he waited too long? Well, I believe that what Judge Gorton was doing was imposing a standard that it was far too stringent on the good cause prong. In fact, he was looking for something like a but-for cause. Counsel, I have a final question. I think there were eight different grounds for the habeas petition, only one of which involved a further state court proceeding the ineffective assistance. And the other eight grounds did not depend on, in any way, is this correct, on the appointment of a new state lawyer to pursue the ineffective assistance claim? Yes. Okay. Thank you. That concludes the argument in this case. Attorney Previtt and Attorney Thornton, you should disconnect from the hearing at this time.